John FACTOR (sometimes known as Jacob Factor), Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14884.

United States Court of Appeals District of Columbia Circuit.

Argued April 26, 1960.

Decided June 16, 1960.

Mr. Robert E. Sher, Washington, D. C., with whom Mr. Isadore G. Alk, Washington, D. C., was on the brief, for petitioner.

Mr. Victor A. Altman, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Charles K. Rice, Messrs. Lee A. Jackson and A. F. Prescott, Attorneys, Department of Justice, were on the brief, for respondent. Mr. Rollin H. Transue, Sp. Atty., Internal Revenue Service, and Miss Helen Buckley, Attorney, Department of Justice, also entered appearances for respondent.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

This case is before us on petition for review of a decision of the Tax Court of the United States holding petitioner liable for deficiencies, penalties and taxes for the year 1937. A petition for review of the same decision insofar as it covers the years 1935 and 1936 is pending in the United States Court of Appeals for the Ninth Circuit, petitioner having filed his tax returns for those years with the Collector of Internal Revenue in California. Petitioner did not file any return for the year 1937, so petition for review of that year was filed here. The memorandum decision of the Tax Court is 58,094 P-H Memo.T.C.

The facts are sufficiently set forth in the Tax Court's memorandum decision and it is not necessary that they be repeated here. It is sufficient to state that petitioner's income, in the absence of records, was determined by the Commissioner of Internal Revenue by including therein certain disbursements of two Canadian organizations solely owned by petitioner, certain remittances, and certain bank deposits. The Tax Court held that petitioner failed to prove that these items were not received by him, or for his benefit, and also failed to prove that they should not have been included in his gross income. The Tax Court also ruled against petitioner on certain other claimed deductions, and further approved fraud penalties assessed against petitioner.

We have examined the record, the testimony, and the rulings of the Tax Court and find that, with the exception hereinafter noted, the Tax Court's findings are not only not clearly erroneous but are clearly correct. In all respects other than the item following, the decision of the Tax Court will be and is affirmed.

We feel, however, that the case must be remanded to the Tax Court for failure to give consideration to various costs and expenses claimed by petitioner in addition to. those allowed by the Commissioner. It appears that Paragraph 4 of the original petition in the Tax Court was amended by assigning further errors, including among others the following relating to petitioner's Montray and Gold Underwriters operations:

"(j) Failure to allow as deductions various costs and expenses in connection with the alleged income considered as received by the Petitioner and referred to in subparagraphs (a) and (d) of the original Petition of the Taxpayer."

The Tax Court held that Rule 7(c) (4) (B) (4) of the Rules of the Tax Court, 26 U.S.C.A. (I.R.C.1954) § 7453, provides that the petition shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency." No motion was filed in the Tax Court to require a further and better statement or bill of particulars, and, at the hearing in that court, no objection was made to the introduction of evidence claimed by petitioner to support the items covered by subparagraph (j) quoted above. We believe that the Commissioner should have considered those items.

The case will be remanded to the Tax Court with directions to consider any such items as to which proof may be ad-

**18**

duced. The Government is to have the right to call for a further and better statement, if so advised. We intimate no opinion as to whether or not any of the items are proper offsets against petitioner's income as determined by the Tax Court. The Government has urged that the facts adduced at the hearing before the Tax Court do not establish these items. This, however, is a matter to be considered by the Tax Court and is not to be determined by us in the first instance.

We have examined all of the other grounds urged for reversal and find no error.

The case is remanded to the Tax Court for further proceedings consistent with this opinion.

It is so ordered.